UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD J. SUTTON, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civ. No. 3:06-cv-1333(AHN) |
| | : |
| ABIGAIL HUGHES, ET Al., | : |
|     Defendants. | : |

<u>RULING ON MOTION TO EXTEND THE TIME FOR SERVICE OF PROCESS
UNDER FED. R. CIV. P. 4(m)</u>

Ronald J. Sutton ("Sutton"), a former teacher in the Connecticut Technical High School System, brings this action against Abigail L. Hughes ("Hughes"), his former superintendent, the Connecticut Department of Education, and the State Vocational Federation of Teachers, Local 4200A ("the Union"). Sutton, who was tenured, claims that Hughes and the Department of Education violated his rights to equal protection and procedural due process by terminating him. He also claims that the Union failed to represent him, as required under his Union contract.

Hughes and the Union recently informed the court by letter that they intend to move for summary judgment based, in part, on insufficient service of process. After learning that Hughes and the Union intended to challenge the sufficiency of service, Sutton moved for an extension of time for service of process under Fed. R. Civ. P. 4(m). He essentially seeks a ruling that Hughes and the Union waived their objections to the sufficiency of service by appearing in this action and by not filing motions to dismiss or otherwise objecting in any pleading. In the

alternative, he seeks additional time to effectuate service.  For the following reasons, the court finds that Hughes and the Union waived any objection to sufficiency of service of process.

## FACTS AND PROCEDURAL BACKGROUND

I. Hughes

Sutton served Hughes by leaving a copy of the summons and original complaint with the Office of the Attorney General of the State of Connecticut, which accepted service.  Sutton never attempted to serve Hughes by any other means.[1]

The original complaint stated claims against Hughes pursuant to 42 U.S.C. § 1983.  Although the complaint did not explicitly state whether Sutton intended to bring those claims against Hughes in her individual capacity or only in her official capacity, Sutton intended to bring a claim against Hughes in her individual capacity.[2]

---

[1] At oral argument, Sutton's counsel stated that the marshal who served the complaint told him that the Office of the Attorney General accepts service on behalf of state defendants in their individual capacity.

[2] Hughes contends that she did not know Sutton brought a claim against her in her individual capacity pursuant to § 1983. Where a complaint is silent as to whether a suit is brought against a state actor in her individual capacity, "the course of proceedings ordinarily resolves the nature of the liability sought to be imposed." Rodriguez v. Phillips, 66 F.3d 470, 482 (2d Cir. 1995).  Generally, a "court can properly conclude that a defendant is being sued in his individual capacity if the relief sought consists of compensatory and punitive damages, coupled with the fact that the defendant asserts immunities available to him by way of an individual capacity suit." Piorkowski v. Parziale, No. 3:02CV00963 (GLG), 2003 WL 21037353, at *4 (D.

Sutton does not dispute that service on a state official "through the Attorney General . . . is insufficient to subject [that official] to suit in her individual capacity." Burgos v. Dep't of Children & Families, 83 F. Supp. 2d 313, 316 (D. Conn. 2000); see Fed. R. Civ. P. 4(e); Conn. Gen. Stat. §§ 52-64 & 52-57(a) (stating that service of process upon an individual in "any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state"). Thus, there is no dispute that service on Hughes was improper as to the claim against her in her individual capacity. The parties also agree that the time for serving the summons and complaint has lapsed. See Fed. R. Civ. P. 4(m) (requiring that service of the summons and complaint be made within 120 days after the

---

Conn. May 7, 2003). Here, despite the complaint's silence on the issue of capacity, the original and amended complaint requested compensatory damages, which are only available against a state actor in her individual capacity. After being served with the original complaint, counsel filed a general appearance in the action on behalf of Hughes, and Hughes subsequently filed an answer and amended answer that did not make clear that she responded only in her official capacity. In addition, Hughes asserted, as her sixth affirmative defense in both her answer and amended answer, immunity from liability based on qualified immunity, which is a defense only relevant to a claim brought against a state actor in her individual capacity. See Harlow v. Fitzgerald, 457 U.S. 800, 807-08 (1982). Further, counsel for Hughes stated at oral argument that she even informed Hughes that Sutton might be suing her in her individual capacity. Thus, the course of proceedings indicate that Hughes was being sued in her individual capacity and that Hughes appeared in the action and conducted herself as if being sued in her individual capacity.

complaint was filed).

After Sutton served the complaint, counsel for the Attorney General filed an appearance on behalf of Hughes and the Department of Education and filed an answer,[3] which asserted the following affirmative defense:

> THIRD AFFIRMATIVE DEFENSE
> The plaintiff lacks jurisdiction over the defendant.

(Answer to Original Compl. [doc. # 15] at 8; accord Answer to Am. Compl. [doc. # 20] at 7.) None of Hughes's other affirmative defenses mentioned anything regarding service of process.

Thereafter, Sutton amended the complaint, and Hughes and the Department of Education filed an amended answer. The amended complaint and amended answer were the same in all material respects. In particular, the amended answer again asserted the same third affirmative defense.

The case proceeded through discovery, which concluded after a few extensions on August 30, 2007. Around September 1, 2007, the three-year statute of limitations period lapsed on Sutton's individual capacity claim against Hughes under § 1983.

A few weeks after the statute of limitations had lapsed, counsel for Hughes wrote this court requesting a prefiling conference. In the letter, counsel stated that Hughes would seek

---

[3] The notice of appearance did not specificy whether counsel appeared on behalf of Hughes in her official capacity, individual capacity, or both; it was simply silent on this point.

summary judgment for, among other reasons, insufficiency of service of process. Sutton contends that, prior to receiving a carbon copy of this letter, Hughes never mentioned that service was deficient.

II. The Union

Sutton attempted to serve a copy of the summons and original complaint on the Union. A representative of the Union avers that he found the summons and complaint stuffed under the door to the Union office. During the time service was made, the Union office was closed for the summer and no one was present at the office to accept service. Sutton does not dispute that service on the Union was improper. As the Union points out, under Fed. R. Civ. P. 4(e) and Conn. Gen. Stat. § 52-57(e), service on a voluntary association, like the Union, must be made on the presiding officer, secretary, or treasurer.

The Union did not move to dismiss either the original complaint or the amended complaint based on improper service of process. Instead, it filed an answer to the amended complaint, which asserted the following affirmative defense:

> Second Affirmative Defense:
> The Plaintiff lacks jurisdiction over the defendant.

(Answer to Am. Compl. [doc. # 21] at 6.)[4] This affirmative defense used the exact wording as Hughes's third affirmative

---

[4] The Union did not answer the original complaint.

defense. None of the Union's other affirmative defenses mentioned anything regarding service of process.

After Hughes indicated she would seek summary judgment on the ground of insufficient service, the Union wrote the court stating that it too would seek summary judgment on that ground.

DISCUSSION

Before addressing whether to extend the time for service of process, the court must first determine whether Hughes and the Union waived their objections to insufficiency of service of process. Because Hughes and the Union asserted verbatim affirmative defenses, the court considers them together.

I. <u>Whether the affirmative defenses asserted by Hughes and the Union adequately preserved an objection to improper service</u>

Hughes and the Union contend that their affirmative defenses preserved their objections to improper service and put Sutton on notice that service was insufficient. Sutton argues that the affirmative defenses were too vague to provide proper notice that service was insufficient and that, by failing to file a motion to dismiss on that ground, Hughes and the Union waived any objection to improper service. The court agrees.

The primary purpose of service of process is to give a defendant legal notice of the claims asserted against her so that she may prepare her defense. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). If a defendant

considers service of process insufficient, she can file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process or raise this objection as an affirmative defense in her first responsive pleading. See Eiden v. McCarthy, 531 F. Supp. 2d 333, 344 (D. Conn. 2008). In particular, Fed. R. Civ. P. 12(h)(1) states:

> When Some [Defenses] Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5), by:
>
> * * *
>
> (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1)(B). Thus, if a defendant does not raise any objection to insufficient service of process in her first responsive submission, she waives it. See Alvarado v. Am. Freightways, Inc., No. 04 Civ. 9536JCF, 2005 WL 1467893, at *4 (S.D.N.Y. June 21, 2005). Here, neither Hughes nor the Union filed a motion to dismiss on any grounds, and therefore, unless their affirmative defenses properly raised objections to service of process, such objections are waived.

In support of his argument that the affirmative defenses were insufficient to preserve the defendants' objections, Sutton relies on Santos v. State Farm Fire and Casualty Co., 902 F.2d 1092 (2d Cir. 1990). In Santos, the defendant's "first affirmative defense asserted that 'this Court lacks personal

jurisdiction over the defendant,'" but "insufficient service of process was not mentioned." Id. at 1093. The Second Circuit concluded that the defendant waived any objection to insufficient service of process by generally objecting to "personal jurisdiction." In particular, the court made clear that the affirmative defenses of lack of personal jurisdiction and insufficiency of service of process, "while often related, are not identical:"

> Questions of personal jurisdiction go to whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant, whereas questions of sufficiency of service concern the manner in which service has been made and not the court's power to adjudicate defendant's rights and liabilities. Thus, to the extent that a defense of lack of personal jurisdiction is based on delivery of the summons and complaint . . . , that basis should be clearly specified.

Id. at 1095-96 (citations and quotations omitted); see, e.g., 5B Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1351 (3d ed. 2004) ("The objection to insufficiency of process or its service should point out specifically in what manner the plaintiff has failed to satisfy the requirements of the service provision that was utilized.") The Second Circuit emphasized that a finding that the defendant waived his objection to the sufficiency of service was proper because the defendant essentially tried to sandbag the plaintiff by asserting a vague

objection and then lying in wait for the statute of limitations to expire before moving to dismiss the case on insufficient service of process grounds.  Id. at 1096.

Santos is clearly on point.  Hughes and the Union merely pleaded that the "plaintiff lacks jurisdiction over the defendant" and made no indication in any pleading or motion that they really contested sufficiency of service until after the statute of limitations had lapsed.[5]  The affirmative defense in this case is even more vague than the one in Santos because it generally mentions "jurisdiction," which could have meant personal jurisdiction or subject-matter jurisdiction or, as the defendants contend, insufficiency of service of process.  In addition, the particular language of the affirmative defense is confusing because it is the court, not the plaintiff, that has jurisdiction over the defendant.  See Wright & Miller, supra, § 1353 ("Although questions of personal jurisdiction and service of process are closely interrelated, service of process is merely

---

[5] Hughes contends she also indicated that service of process was insufficient during the Rule 26(f) conference.  The report from that meeting states: "At this time, the defendants have not determined if there will be a contest of personal jurisdiction."  (Fed. R. Civ. 26(f) Report [doc. # 12] at 2.)  Aside from being cast in uncertain terms, this language suffers from the same vagueness at issue in Santos, that is, it describes an objection to improper service as an objection to personal jurisdiction. See Wright & Miller, supra, § 1353.  Moreover, a Rule 26(f) report is not a responsive pleading, see Fed. R. Civ. P. 7(a), and therefore, was not sufficient under Rule 12(h)(1) to provide notice to Sutton.

the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged in a Rule 12(b)(2) motion.")  Given these problems with the language of the affirmative defense, counsel for Hughes conceded at oral argument that the affirmative defense was "inartful."

While Hughes attempts to distinguish Santos by citing to other cases, none of the cases support her position.  Three of the cases she relies on – Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007), Brown v. Comm'n on Human Rights and Opportunities, Civ. No. 3:02 CV 223(CFD), 2008 WL 687358, at *6-7 (D. Conn. Mar. 10, 2008), Bogle-Assegai v. Connecticut, 470 F.3d 498, 508 (2d Cir. 2006), Delgado v. Conn. Dep't of Public Health, No. 3:03CV1652(MRK), 2005 WL 3019143, at *1 (D. Conn. Nov. 1, 2005), and Bishop v. Conn. Dep't of Mental Health and Addiction Servs., Civ. No. 01-cv-1140(AVC), slip op. at 15 (D. Conn. Mar. 31, 2004) – are factually distinct because the defendants in those cases specifically objected to insufficient service of process, either in their first responsive pleading or motion. And while the fourth case, Eiden v. McCarthy, 531 F. Supp. 2d 333 (D. Conn. 2008), is more on point because the court considered whether an affirmative defense was sufficient to preserve an objection to insufficient service, the reasoning of the decision supports Sutton's position and lines up with Santos.

In Eiden, the court held that the defendants put the plaintiff on notice regarding insufficiency of service in their answer by stating, in an affirmative defense, that "[t]he court lacks personal jurisdiction [over] the defendants in their individual capacities." Id. at 344 (emphasis added). The court emphasized that this affirmative defense only preserved the defendants' objection to insufficiency of process because the defendants mentioned lack of personal jurisdiction "in their individual capacities," which necessarily pointed to an issue with service of process.[6] Id. at 345 n.5 ("Here, because the Defendants alleged that the court lacked personal jurisdiction over them in their individual capacities, it was apparent that they were, in fact, alleging insufficient service of process.") The court, however, made clear that without the language regarding "individual capacities," the affirmative defense would have been insufficient to preserve the defendants' objection. Id. ("The court has found case law holding that a 'lack of personal jurisdiction' defense does not, under Rule 12, concurrently raise or preserve any insufficiency of service of process defense.")

Here, the affirmative defense pleaded by Hughes and the

---

[6] Nevertheless, the court advised that "if a party is [raising] insufficient service of process, she should say 'insufficient service of process.'" Eiden, 531 F. Supp. 2d at 344.

-11-

Union mentions nothing about insufficient service of process or individual capacity, and thus lacks any mention of the language critical to the holding in Eiden – language that would have specifically alerted Sutton about the problem with service. As this court has stated, "[t]he raising of a lack of personal jurisdiction does not incorporate a defense of insufficiency of service of process. The two defenses are separate and distinct." Itoba Ltd. v. LEP Group PLC, 930 F. Supp. 36, 42 (D. Conn. 1996)). Thus, under Santos, the court finds that the affirmative defense pleaded by Hughes and the Union did not preserve their objection to improper service. Accordingly, by appearing in this action, failing to move to dismiss the amended complaint for improper service, and pleading an inadequate objection under Santos, Hughes and the Union have waived any objection to service of process at this stage of the proceeding under Rule 12.[7]

This result is proper given that the defendants' first clear and definitive objection to insufficient process occurred by letter to the court over a year after service had been made, months after Hughes answered the amended complaint and the deadline for filing a motion to dismiss had passed, and within weeks after the statute of limitations had expired. Thus, like

---

[7] At oral argument, counsel for Hughes argued that a 1993 amendment to the Federal Rules of Civil Procedure undermines Santos's holding, but counsel failed to reference which amendment or which rule, much less how this amendment calls Santos into question. Therefore, the court cannot consider this argument.

Santos, the defendants attempted to "lie in wait, making by misnomer [their] contention that service of process has been insufficient," in the hope of "obtain[ing] dismissal on that ground only [that] the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect."[8]  Id.

  II.  Motion to extend the time for service of process

As mentioned above, Sutton requests in the alternative that the court extend the time for him to serve Hughes in her individual capacity and the Union.  Because the court has concluded that Hughes and the Union waived any objection to improper service, additional service is not necessary.  Accordingly, the court does not consider the parties' arguments for an extension and finds as moot Sutton's request for relief in

---

  [8]  Hughes claims that she will be prejudiced if the court allows Sutton to proceed with an individual capacity suit because she was never put on notice that this action involved an individual capacity claim, she could have chosen separate representation, and she would have sought additional discovery. The court has already stated that the course of proceedings made clear that Sutton brought an individual capacity claim against Hughes.  While prejudice does not ordinarily factor into the court's determination about whether a defendant waived her objection to insufficiency of service of process, the court will consider a request to reopen the period for discovery.  If Hughes wishes to seek additional discovery, counsel for Hughes should within ten days of this ruling confer with counsel for the other parties, move to reopen the period for discovery, and indicate the parties' proposed schedule.  If the parties cannot agree after conferring, then Hughes should move to reopen the discovery period and the other parties should oppose the motion, stating clearly their objections.

this regard.

### III. The Union's Motion for Sanctions and Costs

Although unrelated to the issue of service of process, the Union also moves for sanctions and costs [doc. # 52] based on a statement by Sutton's counsel made at a status conference that Sutton would withdraw his § 1983 claim against the Department of Education. As the Union's argument goes, if Sutton withdraws his claims against the Department of Education, then he must necessarily withdraw any claim against the Union because liability against the Union is contingent on a finding of liability against the Department of Education. The court, however, denies this motion as moot based on the representation by Sutton's counsel that Sutton will not withdraw his claim against the Department of Education.

### CONCLUSION

For these reasons, the court GRANTS IN PART AND FINDS AS MOOT IN PART Sutton's motion for extension of time [doc. # 36]. The court also DENIES AS MOOT the Union's motion for sanctions and costs [doc. # 52].

So ORDERED this 23rd day of April 2008, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge